## Chambliss v. City of Philadelphia

*Robert A. Davitch*, for plaintiff.
*Jesse Milan Jr.*, for defendant.

FORER, *J.*, November 20, 1986 — The city has appealed this court's decision of October 23, 1986, ordering enforcement of the award of the arbitrator dated July 28, 1983, subject to compliance with City Regulations D-10 §9.141.

This appeal is the latest move in the protracted (five-year) struggle of Lloyd V. Chambliss to be

reinstated to his job as Area Youth Worker I and the city's adamant refusal to do so.

Plaintiff has also sued American Federation of State, County and Municipal Employees, District Council 47 AFL-CIO and the law firm of Kirschner, Waltin, Willig, Weinberg & Dempsey which represented plaintiff and the union at earlier stages of plaintiff's dispute. These claims were not before this court.

Only plaintiff's motion for a preliminary injunction and writ of mandamus against the city was at issue. Plaintiff requested reinstatement without "any conditions." The motion was opposed in its entirety by the city.

After a three-day hearing this court entered the following order:

"And now, this October 22, 1986, it is ordered and decreed that plaintiff shall be reinstated in his position as Area Youth Worker I upon successful completion of a medical examination which shall be conducted forthwith. The medical examination shall consist of the usual physical examination and may, in the discretion of the medical examiner, include a psychiatric examination subject to the following limitations:

"(1) The city may not obtain the medical file of Dr. Clancy McKenzie, plaintiff's former treating psychiatrist.

"(2) The city may compel Dr. McKenzie to provide the following information:

"(a) his diagnoses of plaintiff,

"(b) his prognosis,

"(c) the dates plaintiff was treated,

"(d) any drugs that were prescribed,

"(e) a statement as to whether or not plaintiff was discharged from treatment and if so, the reason for the discharge.

"(3) The city may also require plaintiff to undergo a psychiatric evaluation, by a neutral psychiatrist, i.e. board certified psychiatrist who is not employed by the city or in the Hahnemann City Mental Health Clinic. The purpose of this examination is limited to whether plaintiff would constitute any physical danger to the individuals with whom he will be assigned to work and whether he is fit to carry out the functions of an area youth worker.

"The court directs that the city complete this examination and, if it is satisfactory, to reinstate plaintiff within two weeks."

The facts are not in dispute. The sole legal question is whether as a condition of reinstatement the city is entitled to the notes of plaintiff's treating psychiatrist, Dr. Clancy McKenzie. This raises in stark relief plaintiff's constitutional right to privacy.

The city admits that the order of the arbitrator was binding and that plaintiff was entitled to be reinstated as of July 28, 1983. The city further admits that it did not appeal the order of the arbitrator.

Plaintiff contends that he is entitled to reinstatement without further examinations. Plaintiff, however, has not appealed this court's order and has expressed his willingness to abide by the conditions of the order.

All questions as to the circumstances under which plaintiff left his job — whether he abandoned it, was attacked or harrassed by his supervisor and other charges and countercharges — are irrelevant.

The city claims plaintiff waived his right to protest disclosure of the records. It is true that Chambliss signed a release form on September 26, 1983. Shortly thereafter, however, he revoked it. If he has a constitutional right of privacy, he cannot be

deemed to have waived it permanently by signing the release form. Plaintiff argued that the city unlawfully retaliated against him because plaintiff exercised his constitutional rights and that such activity was a substantial or motivating factor. This court did not reach that issue because it was evident that the city's demand violated plaintiff's rights under the Pennsylvania Constitution. Plaintiff brings his claim against the city under (1) the Federal Civil Rights Act, 42 U.S.C. 1983, and (2) the contract of employment.

Because this court has jurisdiction of claims arising out of an alleged breach of contract between a Philadelphia resident and the city, executed in Philadelphia and to be performed in the city, there is no need to predicate jurisdiction on the Civil Rights Act.[1]

For the purposes of this order, the court does not decide whether the letter agreement of plaintiff's then counsel purportedly limiting the duties of plaintiff was or was not accepted by the city. The only grounds for denying plaintiff reinstatement as ordered by the arbitrator was the refusal of plaintiff to permit the city to examine the notes of the treating psychiatrist.

This court has found that (1) the notes were not reasonably necessary to determine plaintiff's fitness to resume his employment, (2) the city had adequate and less intrusive means of ascertaining plaintiff's mental and emotional fitness, (3) compulsory disclosure of the psychiatrist's notes violated plaintiff's right to privacy under the Pennsyl-

---

1. If plaintiff had brought this action in the federal court, this would be a threshold question.

vania Constitution,[2] Article 1, section 1, and (4) employment in the absence of extraordinary circumstances[3] cannot be conditioned upon a waiver of constitutional rights.

The city and the young people with whom plaintiff would come in contact in the course of his employment are adequately protected by a competent psychiatric evaluation of plaintiff before he resumes his duty. This is the most that can be required of any applicant for city employment. Because plaintiff has had the wisdom voluntarily to seek psychiatric treatment does not permit the city to impose unusual or excessive conditions to his reinstatement. Such conditions would obviously contravene both the equal protection and due process clauses of the Fifth Amendment as applicable through the 14th Amendment.

Plaintiff is entitled to a preliminary injunction if there is a reasonable probability of eventual success in the litigation and he will suffer irreparable injury if relief is not granted. *Oburn v. Shapp,* 521 F.2d 142 (3rd Cir., 1975). In the view of this court, there can be no doubt that plaintiff will prevail against the city. The issues with respect to the other defendants are more complicated. The resolution of those claims will, in all likelihood, entail a protracted trial and possibly appeals. Unless an injunction is entered, plaintiff will be denied reinstatement for an indefinite period of time. Although he would be entitled to monetary damages to compensate him for lost wages, plaintiff also seeks the satisfactions of

---

2. It is unnecessary to decide plaintiff's claims under the United States Constitution.

3. This case does not involve national security or any sensitive government information. cf. *Snepp v. United States,* 444 U.S. 507, 62 L.Ed. 2d 704 (1980).

employment. He has been out of work some two and a half years since the award of the arbitrator. No award of lost wages can provide this plaintiff with the therapeutic and psychic benefits of his return to work.

The major thrust of the city's refusal to reinstate plaintiff is the mandate of the civil service regulations. These regulations provide in pertinent part as follows:

"9.141 Medical Re-Examinations. Medical re-examinations shall be required as follows:

"9.1411 An employee who is reinstated or has been absent from work for a period of three months or longer due to layoff, illness, leave without pay, or military leave shall be required to pass satisfactorily a medical examination before being returned to work."

Even though it is the intransigence of the city that has caused the delay in plaintiff's reinstatement, there is no constitutional or other ground for abrogating those regulations requiring an examination.

This court holds that compulsory disclosure of the notes of plaintiff's treating psychiatrist would violate plaintiff's rights under the Pennsylvania Constitution. The Pennsylvania Supreme Court has upheld a right of privacy under Article 1, section 1 of the Pennsylvania Constitution. *Denoncourt v. State Ethics Commission,* 504 Pa. 191, 197, 470 A.2d 945, 947-48 (1983). One aspect of this privacy interest is freedom from disclosure of personal matters. Id. The Pennsylvania Supreme Court has also held that there is a constitutional privacy interest in information revealed in the context of a psychotherapist-patient relationship. *In re B,* 482 Pa. 471, 484,

394 A.2d 419, 425 (1978). Pennsylvania also has a statutory physician-patient privilege which bars a physician from disclosing in a civil case any information acquired in attending a patient in a professional capacity that would tend to blacken the character of the patient. 42 Pa.C.S. §5929 (Purdon's, 1982). In the case at bar plaintiff resists disclosure of his psychiatrist's notes because plaintiff believes that such disclosure would be detrimental to him. This court cannot decide whether this claim can be substantiated without an in camera disclosure. Because the constitutional right to privacy predominates over any statutory limitation such in camera disclosure has not been required.

Governmental intrusion into a person's private affairs is justified only when the government's interest is significant and the least intrusive method of effectuating that interest is employed. *Denoncourt* at 199-200. *Fischer v. Dept. of Public Welfare*, 85 Pa. Commw. 240, 482 A.2d 1148, 1159 (1984), aff'd, 509 Pa. 293, 502 A.2d 114 (1985).

In *Denoncourt* the Supreme Court held that reporting provisions of the Public Officials Ethics Act requiring disclosure of financial information by family members of public officials unconstitutionally violated the family members' right of privacy. The court held that, although certain financial disclosures of an office holder's family may be of public interest, such interest was not significant enough to justify the violation of privacy. *Denoncourt* at 200, 4760 A.2d at 949.

In *Fischer,* supra, the Commonwealth Court held unconstitutional rape and incest reporting requirements which were a prerequisite to state-funded abortions under the Abortion Control Act, 18 Pa.C.S. §3201 et seq (Purdon's, 1983). The court

held that the reporting requirements invaded intensely private areas of the lives of rape and incest victims and that the state's asserted interest in prosecuting offenders, promoting "fresh complaints," and paying only valid claims for abortions were not effectuated by the reporting requirements. *Fischer, supra.*

In *In re B* the trial court subpoenaed the psychiatric records of a woman whose son had been adjudicated delinquent in order to help determine proper placement for the son. The Supreme Court held that the mother had a constitutional right of privacy which precluded disclosure of her psychiatric records and that the information sought by the trial court could have been obtained by less intrusive means, such as an examination by a court-appointed psychiatrist. *In re B* at 486, 394 A.2d 425-26.

It is clear that Chambliss has a constitutional right of privacy that bars disclosure of the notes of his treating psychiatrist, Dr. McKenzie. McKenzie's testimony showed that the information in his records was obtained from communications with Chambliss. As *In re B* recognized, the nature of the psychotherapeutic process is such that disclosure of the patient's most intimate emotions is required and that the patient rightfully expects that these relevations will be confidential. *In re B* at 485, 394 A.2d at 425-26.

Assuming, without deciding, that the city has a significant interest in assuring that its employees have no psychiatric problems, requiring disclosure of Dr. McKenzie's records is not the least intrusive way to effectuate this interest. A far less intrusive means of effectuating the city's interest is the requirement that Chambliss submit to an independ-

ent psychiatric examination. Accordingly, this court has ordered such an examination as a precondition to reinstatement in accordance with civil service regulations. Chambliss does not contest this order. The city does.